IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LESLIE SEAN PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-002 |
| | ) | |
| | ) | |
| DAVID McDADE; WARDEN McCLOUD; | ) | |
| JUDGE ROBERT JAMES; MEDICAL | ) | |
| TELEMED PSYCHIATRIST; and | ) | |
| JERRY WYNN, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 16, 2018, Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, submitted a complaint, which the Clerk of Court filed in the Savannah Division of the Southern District of Georgia, without submitting the appropriate filing fee or a request to proceed *in forma pauperis* ("IFP"). Nor did Plaintiff, proceeding *pro se*, sign his complaint. (See doc. no. 1.) Upon opening the case, the Clerk sent Plaintiff a deficiency notice concerning the need for an IFP motion or payment of the filing fee. (See doc. no. 2.) The next day, United States Magistrate Judge G.R. Smith determined the case had been incorrectly filed in the Savannah Division and transferred the case to the Dublin Division. (See doc. no. 3.) Upon opening the case in the Dublin Division, the Clerk sent a second deficiency notice concerning the need for an IFP motion or payment of the filing fee, as well as a deficiency notice informing Plaintiff he must sign the complaint. (See doc. nos. 4, 5.)

The deficiency notices concerning the need for an IFP motion or payment of the filing fee reflect the requirements of Local Rule 4.1, which explains the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP.  If a party fails to satisfy these criteria, "the Clerk shall mark the complaint as to the date filed and promptly give notice of the omission to the filing party.  Failure to comply within twenty-one (21) calendar days of the date that notice is served by the Clerk may result in dismissal by the Court."  Loc. R. 4.1(1); see also doc. nos. 2, 5 (explaining failure to cure the filing deficiency within twenty-one days could result in dismissal of this case).  Similarly, Local Rule 11.1 and Federal Rule of Civil Procedure 11 require every pleading, motion, or other paper presented for filing be signed an attorney of record, or by a party personally if the party is proceeding *pro se*.  (See also doc. no. 4 (explaining failure to return signed complaint within fourteen days could result in dismissal of this case).)  Plaintiff has not responded to the Clerk's notices.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of

2

prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Plaintiff failed to comply with the requirements for commencing a civil action by submitting an appropriate filing fee or motion to proceed IFP with his complaint, and when given the opportunity to submit the appropriate paperwork, he failed to respond. Likewise, Plaintiff failed to comply with the requirements for personally signing his complaint. Plaintiff's failure to comply with the filing requirements of the Local Rules and the Federal Rules of Civil Procedure, as well as his failure to respond to the Clerk's deficiency notices, amounts not only to a failure to prosecute, but also an abandonment of his case. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of February, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA